## Schenley and Wife *versus* The City of Allegheny.

The Acts of Assembly of the 5th April, 1849, 8th April, 1851, and Act of 30th March, 1852, relating to the paving and grading of streets in the city of Allegheny, and the assessment of the expense of the same, upon the owners of lots fronting on such streets, and the manner of collecting said assessments, are a proper and constitutional exercise of the taxing power by the legislature.

ERROR to the Common Pleas of *Allegheny county*.

The parties in this case agreed upon the following facts, to be considered in the nature of a special verdict :—

On the 15th day of May, 1851, the Select and Common Councils of the city of Allegheny passed the following ordinance (which was duly published in one of the public newspapers, published in said city of Allegheny, within fifteen days from and after its passage as aforesaid ; the publication thereof, with the time thereof, was duly proved by oath, as required by the charter of said city ; and said oath, together with said ordinance, was duly recorded in the office of the recorder of deeds, in and for the county of Allegheny, aforesaid, on the 30th day of May, 1851, in a separate book kept for that purpose, as required by the charter aforesaid), to wit :—

" Sect. 1. Be it ordained and enacted by the Select and Common Councils of the city of Allegheny, and it is hereby enacted by the authority of the same, That the committee on streets be and they are hereby authorized and directed to invite and receive proposals for the grading and paving of Liberty Street, from East Common to East Lane ; Liberty Street, from East Lane to Chestnut Street; Federal Street, from the south line of the North Common to Carrol Street ; Pitt Alley, from Strawberry Alley to the North Common ; Ohio Street, from Webster Street to Duquesne borough—streets within the said city, and to contract therefor, with the lowest and best bidder or bidders, at their discretion.

" Sect. 2. That for the purpose of defraying the costs and expenses of the said improvements, there be and is hereby levied a special tax, to be equally assessed upon the said streets, in proportion to the feet front on them respectively, comprised, and bounding, and abutting as aforesaid.

" Sect. 3. That, as soon as the cost and expenses of the said improvements shall be fully ascertained, it shall be the duty of the street commissioner to assess and apportion the same among the several lot-holders owning property upon the said streets and alleys, according to the rule above indicated, and thereupon to give notice thereof to the owner or owners, or occupants of the said lots, respectively, or to the agent or guardians of such owners, and also to make return of said assessment or appraisement to the mayor of said city.

" Sect. 4. That it shall be the duty of said mayor, upon the

return so made, to cause a duplicate copy thereof to be placed in the hands of the collectors of the proper ward, or wards, or of any of the constables of said city, together with his, the said mayor's, warrant for the collection of the same; and it shall be the duty of the said collectors or constables, on the receipt of said duplicate and warrant, to collect forthwith the amount of said special tax from the persons charged therewith, and, in case of any default made in the payment thereof, to take such measures for the enforcement of the same as are authorized by law to be employed in regard to any tax or taxes assessed by said city.

"Sect. 5. That so much of any ordinance, or ordinances, as may conflict with, or be supplied by, the provisions of the foregoing, be and they are hereby repealed."

In pursuance of the foregoing ordinance, Ohio Street was graded and paved from Webster Street to Duquesne borough. (Said Ohio Street being within the corporate limits of said city of Allegheny, and being a street, or public highway, laid out by the state on the laying out of the town of Allegheny, to wit, in 1786.) The cost and expenses of grading and paving Ohio Street, were equally assessed on the feet front bounding and abutting on that street; and according to the assessment so made, there was assessed on the piece of property, described in the above writ of *scire facias*, the sum of $135.64. Demand of the amount was made on Charles B. Scully, the agent of the defendants (they, the defendants, not residing in the county of Allegheny), and owners of the property described in said writ of *scire facias*, by S. Tyler, the street commissioner of the city of Allegheny, on the 16th of September, 1852. The amount not being paid, on the 27th of December, 1852, S. Tyler, the street commissioner aforesaid, filed a statement in the office of the prothonotary of the Court of Common Pleas of Allegheny county, to No. 203 of December Term, 1852, headed "Ohio Street," and setting forth, among other things, the names of the owners, viz., the defendants, of the piece of property described in the said writ of *scire facias*, and, firstly, described in said statement, the amount of the costs and expenses for which the piece of property is liable, and a description of the said piece of property sufficient to identify it, the ward in which it is, and the number of feet it fronts and abuts on said Ohio Street, graded and paved as aforesaid, and the date of the demand 'of the amount the said piece of property is liable, and on whom demand was made—of the truth of which facts the said street commissioner made oath before one of the aldermen of the city of Allegheny, on the 27th of December, 1852, and on the same day filed the statement, with his said affidavit annexed to said statement, in the office of the prothonotary of the Court of Common Pleas of said county. The said *scire facias* issued December 31, 1852. If the Court

[Schenley *v.* City of Allegheny.]

should be of opinion, from this state of facts, that the plaintiffs are entitled to recover, then judgment to be entered in their favour for the sum of $135.64, with interest from September 16, 1852, with costs; otherwise judgment for defendants, with costs. The right to a writ of error reserved to the parties, plaintiffs and defendants.

The Court entered judgment on the case stated in favour of the plaintiffs. Whereupon the defendant removed the record to this Court, and assigned the entry of said judgment for error.

*G. P. Hamilton,* for plaintiffs in error, cited 2 *Kent's Com.* 332; 9 *Harris* 168; *Const. Penna.* 4 sect. 7 art.; 6 *Whart.* 4; 3 *Watts* 92.

*Geyer,* for defendants in error, cited 3 *Watts* 296–224; 1 *Harris* 104–117; 3 *Id.* 245; 2 *Barr* 216–224; 9 *Leg. Int.* 102; 1 *John.* 77; 3 *Wend.* 263; *P. L.* 1851, 372; *Id.* 1852, 304.

The opinion of the Court was delivered by

WOODWARD, J.—The proceedings of the city of Allegheny to levy the tax in question appear to have been in accordance with the Act of Assembly of 5th April, 1849, as modified by the 3d section of the Act of 8th April, 1851, *P. L.* 372, and by the 3d section of the Act of 30th March, 1852, *P. L.* 205.

The only question is upon the constitutionality of that legislation; and in view of the course of decision which prevails in this Court, as indicated especially in McMasters *v.* The Commonwealth, 3 *Watts* 292, Kirby *v.* Shaw, 7 *Harris* 258, and Sharpless *v.* The City of Philadelphia, 9 *Harris* 147, it seems strange that such a question should have been thought worth submitting. From the principles recognised in these cases it must be apparent to the most careless reader, that the exercise of the taxing power by the legislature must become wanton and unjust—be so grossly perverted as to lose the character of a legislative function—before the judiciary will feel themselves entitled to interpose on constitutional grounds. To arrest the legislation of a free people, especially in reference to burthens self-imposed for the common good, is to restrain the popular sovereignty, and should have clear warrant in the letter of the fundamental law. The legislation complained of here is of the character of much that has prevailed in Pennsylvania without complaint; which has been often sanctioned by judicial tribunals; and which is made indispensable by the growth and prosperity of towns and cities. It is a fair and legitimate mode of taxation, because it imposes the burthens exactly where the benefits are conferred, and its constitutionality is unquestionable.

The judgment is affirmed.